IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE MCVEA** : | |
| 1643 WALES AVENUE : | |
| BALDWIN, NY 11510 : | **JURY TRIAL DEMANDED** |
| Plaintiff : | |
| v. : | No. |
| : | |
| **SOUTH EASTERN PENNSYLVANIA** : | |
| **TRANSPORTATION AUTHORITY** : | |
| **D/B/A SEPTA** : | |
| 1234 MARKET STREET : | |
| FIFTH FLOOR : | |
| PHILADELPHIA, PA 19107 : | |
| and : | |
| **SEPTA POLICE OFFICER TIU** : | |
| 1234 MARKET STREET : | |
| FIFTH FLOOR : | |
| PHILADELPHIA, PA 19107 : | |
| and : | |
| **SEPTA POLICE OFFICER SOEJANTO** : | |
| 1234 MARKET STREET : | |
| FIFTH FLOOR : | |
| PHILADELPHIA, PA 19107 : | |
| and : | |
| **SEPTA POLICE OFFICER SANCHEZ** : | |
| 1234 MARKET STREET : | |
| FIFTH FLOOR : | |
| PHILADELPHIA, PA 19107 : | |
| and : | |
| **SEPTA POLICE OFFICER PETTY** : | |
| 1234 MARKET STREET : | |
| FIFTH FLOOR : | |
| PHILADELPHIA, PA 19107 : | |
| and : | |
| **SEPTA POLICE OFFICER** : | |
| **JOHN DOE 1** : | |
| 1234 MARKET STREET : | |
| FIFTH FLOOR : | |
| PHILADELPHIA, PA 19107 : | |
| **Defendants** : | |

# COMPLAINT

## I. Introduction

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as a result of the use of excessive force, and failure to intervene by the defendants in Philadelphia, Pennsylvania on or about January 16, 2024.

## II. Jurisdiction and Venue

2. This Court has jurisdiction over the claims brought under § 1983 under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

## III. Parties

4. Plaintiff, Kyle McVea, is an adult citizen and resident of the state of New York, residing as captioned.

5. Defendant, South Eastern Pennsylvania Transportation Authority d/b/a SEPTA, (hereinafter referred to as "SEPTA"), is upon information and belief, a governmental entity organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located as captioned.

6. At all relevant times, Defendant SEPTA acted or failed to act by and through its officers, including the individually named officers, then and there acting within the course and scope of their agency, servanthood, and/or employment, under color of state law, and pursuant to the policies, practices, and customs of SEPTA and the SEPTA Transit Police Department.

7. Defendant SEPTA is the final policymaker for the SEPTA Transit Police Department.

8. Defendant, SEPTA Police Officer Tiu, was at all relevant times a police officer of the SEPTA Transit Police Department, who is being sued in his individual capacity.

9. Defendant, SEPTA Police Officer Soejanto, was at all relevant times a police officer of the SEPTA Transit Police Department, who is being sued in his individual capacity.

10. Defendant, SEPTA Police Officer Sanchez, was at all relevant times an officer of the SEPTA Transit Police Department, who is being sued in his individual capacity.

11. Defendant, SEPTA Police Officer Petty, was at all relevant times an officer of the SEPTA Transit Police Department, who is being sued in his individual capacity.

12. Defendants, SEPTA Police Officers John Doe 1, a tall husky African American male was at all relevant times an officer or employee of the

SEPTA Transit Police Department, who is being sued in his individual capacity, and who is designated by fictitious name because his identity remains unknown to Plaintiff despite the exercise of reasonable diligence.

13. Plaintiff has undertaken a reasonable search with due diligence to determine the identity of SEPTA Police Officer John Doe 1.

14. At all relevant times, Defendants Tiu, Soejanto, Sanchez, Petty and John Doe 1 acted in the course and scope of their employment, under color of state law, and pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the SEPTA Transit Police Department.

IV. **Operative Facts**

15. On or about, January 16, 2024, at approximately 6:30 p.m., Plaintiff was on the westbound platform at the Market-Frankford transit line at Somerset Station in Philadelphia, Pennsylvania.

16. At that time, date, and location, Plaintiff lit a cigarette while standing on the platform.

17. Defendants Tiu, Soejanto, Sanchez, Petty and/or John Doe 1 rushed Plaintiff and told him to put the cigarette out.

18. Plaintiff followed the officers' instructions by using a nearby wall to put out the cigarette.

19. Suddenly and without warning, Defendants Tiu, Soejanto, Sanchez, Petty and/or John Doe 1, forced plaintiff to the ground.

20. Plaintiff was tased multiple times while Defendants were attempting to handcuff the Plaintiff on the ground, causing him to sustain severe injuries.

21. Once handcuffed, Defendants Officer Tiu and John Doe 1 forcefully bent his right thumb while attempting to fingerprint the Plaintiff with a mobile fingerprint device, causing injury to Plaintiff's thumb.

22. Defendants Tiu, Soejanto, Sanchez, Petty and/or John Doe 1 placed Plaintiff in custody before transporting him to Temple University Hospital in Philadelphia, Pennsylvania.

23. Plaintiff was issued a $25.00 ticket for smoking on the platform, then discharged to go home.

24. By the aforementioned actions, Defendants, SEPTA, Tiu, Soejanto, Sanchez, Petty and John Doe 1 violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to be free from the use of excessive force, and/or failing to intervene to stop the excessive force during the course of the arrest of Plaintiff.

25. Defendant SEPTA maintained a policy, practice, or custom of acquiescing to unconstitutional use of force of police officers under their direction and control, including the conduct of Defendants Tiu, Soejanto, Sanchez, Petty and John Doe 1, including but not limited to the types of constitutional violations alleged in this complaint.

26. Defendant SEPTA and its Police Department failed to adequately train police officers under their direction and control, including Defendants Tiu, Soejanto, Sanchez, Petty and John Doe 1, regarding the requirements of the Fourth Amendment and proper use of tasers.

27. Defendant SEPTA failed to adequately discipline police officers under their direction and control, including Defendants Tiu, Soejanto, Sanchez, Petty and John Doe 1, for violating the Fourth Amendment, and more specifically, for violating the Fourth Amendment in the ways alleged in this Complaint.

28. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff suffered physical injuries, anguish, and distress and may continue to do so for an indefinite time, to his great detriment and loss.

29. As a further direct and proximate result of the above, Plaintiff has or may incur loss of earnings past, present, and/or future, and/or earnings capacity, which may continue for an indefinite period into the future, to his great detriment and loss.

30. As a further direct and proximate result of the above, Plaintiff suffered physical injuries, including but not limited to injury from an electroshock gun (taser) and right-hand pain with possible scaphoid fracture.

31. As a further direct and proximate result of the above, Plaintiff has incurred various expenses for medical treatment, which may continue for an indefinite period into the future, to his great detriment and loss.

**COUNT I – 42 U.S.C. § 1983**
**FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE**
**KYLE MCVEA**
**V.**
**SEPTA OFFICER TIU, SEPTA OFFICER SOEJANTO, SEPTA OFFICER SANCHEZ, SEPTA OFFICER PETTY, AND SEPTA OFFICER JOHN DOE 1**

32. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

33. The above-described actions of Defendants, SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1, including but not limited to deploying a taser at Plaintiff, constituted an unnecessary and excessive use of force to carry out Defendants' law enforcement duties under the circumstances.

34. Plaintiff was behaving peaceably and reasonably under the circumstances, and not in any way that would have given Defendants, SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1 reasonable suspicion that he was armed and dangerous.

35. The above-described acts and failures to act of Defendants, SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

36. The above-described acts and failures to act were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Kyle McVea demands compensatory and punitive damages against Defendants SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and John Doe 1, jointly and/or severally, to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

COUNT II – 42 U.S.C. § 1983
SUPERVISORY LIABILITY
KYLE MCVEA
V.
SEPTA OFFICER TIU, SEPTA OFFICER SOEJANTO, SEPTA OFFICER SANCHEZ, SEPTA OFFICER PETTY, AND SEPTA OFFICER JOHN DOE 1

37. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

38. Plaintiff was unnecessarily tased and denied relief from excessively tight handcuffs at the direction of Defendants SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1.

39. Defendants SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1 were aware of the violation of Plaintiff's right to be protected from unnecessary taser deployment and violent bending of the right thumb, but acquiesced to said violation.

40. All of these actions and failures to act violated Plaintiff's rights under the Fourth Amendment and Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

41. As a direct and proximate result of the malicious, intentional, and reckless actions and failures to act of Defendants SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1, Plaintiff suffered the injuries and deprivations of rights described above.

42. The above-described acts and failures to act of Defendants SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1 in their individual capacities, were so malicious, intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Kyle McVea demands compensatory and punitive damages against Defendants, SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and John Doe 1, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE/ BYSTANDER LIABILITY**
**KYLE MCVEA**

**v.**
**SEPTA OFFICER TIU, SEPTA OFFICER SOEJANTO, SEPTA OFFICER SANCHEZ, SEPTA OFFICER PETTY, AND SEPTA OFFICER JOHN DOE 1**

43. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

44. Defendants SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1 had a constitutional and/or statutory duty to intervene when excessive force was used against Plaintiff.

45. Each of Defendants SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1 were present when the other was violating Plaintiff's rights, knew that Plaintiff's rights were being violated, and had a reasonable opportunity to intervene before the other used excessive force against Plaintiff.

46. Defendants SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and/or John Doe 1, despite their knowledge and opportunity to intervene, failed to do so, resulting in Plaintiff sustaining injury and harm.

47. The above-described malicious, intentional, and reckless acts of Defendants caused and continue to cause Plaintiff severe distress, pain, and fear.

48. The above-described acts and failures to act were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Kyle McVea demands compensatory and punitive damages against Defendants SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and John Doe 1, jointly and/or severally, to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

### COUNT IV – PENNSYLVANIA COMMON LAW CONSPIRACY
### KYLE MCVEA
### V.
### SEPTA OFFICER TIU, SEPTA OFFICER SOEJANTO, SEPTA OFFICER SANCHEZ, SEPTA OFFICER PETTY, AND SEPTA OFFICER JOHN DOE 1

49. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

50. As demonstrated by their concerted conduct, Defendants entered into an agreement or reached a meeting of the minds to tase Plaintiff without any reason to believe that he was armed and dangerous.

51. The above-described actions were so malicious and intentional and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Kyle McVea demands compensatory and punitive damages against Defendants, SEPTA Police Officers Tiu, Soejanto, Sanchez, Petty, and John Doe 1, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish

Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT V – 42 U.S.C. § 1983**
**MONELL**
**KYLE MCVEA**
**V.**
**SEPTA**

52. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

53. Defendant SEPTA is the final policymaker for the SEPTA Transit Police Department.

54. Plaintiff believes and therefore avers that Defendant SEPTA has adopted and maintained customs for law enforcement officers, including the individually named Defendants, regarding constitutional restraints on the use of force involving minor crimes like fare evasion and smoking on the platform, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. § 1983.

55. Plaintiff believes and therefore avers that Defendant SEPTA has adopted and maintained for years a recognized and accepted custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, of using excessive force when deploying a taser involving minor crimes like fare evasion and smoking on the platform,

which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. § 1983.

56. Plaintiff believes and therefore avers that Defendant SEPTA has systematically failed to discipline law enforcement officers, including the individually named Defendants, for using unconstitutional force in deploying tasers involving minor crimes like fare evasion and smoking on the platform and failing to correct subordinate officers on using unconstitutional force in said manner.

57. The failure of Defendant SEPTA to adopt adequate customs and provide adequate training to their law enforcement officers regarding the requirements for the use of force involving minor crimes like fare evasion and smoking on the platform, specifically the proper deployment of tasers, was deliberately indifferent to the constitutional rights of its citizens and was the proximate cause of Plaintiff's injuries.

58. The need for Defendant SEPTA to train, supervise, and/or discipline its law enforcement officers and/or to adopt or enforce a policy, practice, or custom of respecting constitutional limits in methods of taser deployment involving minor crimes like fare evasion and smoking on the platform which risk serious bodily injury/permanent disfigurement.

59. Said training and/or custom, or lack thereof, violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

60. Plaintiff believes and therefore avers that Defendant SEPTA was aware of the aforementioned lack of training and/or custom for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants, failed to effectively train law enforcement officers with regard to the legal limits on their authority, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiff, with regard to the constitutional limits on taser use.

61. Plaintiff believes and therefore avers that Defendant SEPTA knew or should have known of the aforementioned custom, as well as the inadequate training, and discipline of law enforcement officials of the SEPTA Transit Police Department, including the individually named Defendants, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

    a. Failure to provide adequate training, supervision, and discipline to officers regarding proper taser deployment

    involving minor crimes like fare evasion and smoking on the platform;

b. Failure to provide adequate training, supervision, and discipline to officers regarding proper taser deployment involving minor crimes like fare evasion and smoking on the platform to avoid serious bodily injury and/or permanent disfigurement;

c. Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force involving minor crimes like fare evasion and smoking on the platform when using tasers;

d. Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of transit officers;

e. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the SEPTA Transit Police Department;

f. Failure to prevent Plaintiff from being injured and violating Plaintiff's constitutional rights by members of the SEPTA Transit Police Department where Defendants knew or should have known of the dangerous propensities of said members and the systemic problem of police abuses in the departments;

g. Failure to restrain the use of excessive force by way of improper taser deployment involving minor crimes like fare evasion and smoking on the platform by members of SEPTA Transit Police Department;

h. Failure to properly test, train, and/or select its officers with regards to proper use of force involving minor crimes like fare evasion and smoking on the platform with regards to taser deployment; and

i. Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with his constitutional rights.

62. The deliberate indifference of the aforementioned training and/or customs, or lack thereof, was a proximate cause of Plaintiff's injuries and losses and the violation of his constitutional rights.

63. By failing to take action to stop or limit and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy Defendant SEPTA condoned, acquiesced in, participated in, and perpetrated the custom in violation of the plaintiff's rights under the Fourth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and in violation of 42 U.S.C. § 1983.

64. The plaintiff believes and therefore avers, that the Defendant, SEPTA has many years maintained an inadequate system of review of claims of improper taser deployment, which system has failed to identify instances of the use of said behavior to discipline, more closely supervise or retrain officers who, in fact, improperly used force involving minor crimes like fare evasion and smoking on the platform via taser deployment.

65. Upon information and belief, the systematic deficiencies include, but are not limited to:

    a. The preparation of investigative reports assigned to vindicate the use of force involving minor crimes like fare evasion and smoking on the platform via improper taser deployment regardless of whether such actions were justified;

    b. The preparation of investigative reports which rely solely on the word of SEPTA Transit Police Officers involved in the incidents and which systematically fail to credit the testimony and statements of non-officer witnesses;

    c. The preparation of investigative reports which omit factual information and physical evidence that contradicts the accounts of the officers involved; and

    d. Failing to review investigative reports by responsible superior officers for accuracy or completeness and accepting the conclusions which were unwarranted by the evidence or contradicted by such evidence.

66. The aforementioned custom and/or lack of training related to use of excessive force by way of improper taser deployment is shown by past incidents involving SEPTA and shows a policy, practice and/or custom and a need for training, including but not limited to:

    a. *Meadows v. Kaiser, et al.*, United States District Court Eastern District of Pennsylvania, Civ. No. 16-2074; in which SEPTA police officers accosted and assaulted a homeless man at Suburban Station; this case was settled[1];

    b. *Hayes v. SEPTA Transit Police Department, et al.*, United States District Court Eastern District of Pennsylvania, Civ. No. 14-3245; in which SEPTA police officer pulled over a driver after driver beeped his horn at the officer and drew his firearm at Plaintiff and issued citations; this matter went to trial with a verdict in favor of Plaintiff;

    c. *Tucker v. SEPTA, et al.*, United States District Court Eastern District of Pennsylvania, Civ. No. 10-2812; in which SEPTA police officers accosted and unlawfully arrested a Plaintiff at the Somerset Station of the Market-Frankford elevated subway line; this case was settled;

    d. *Maddox v. SEPTA, et al.*, United States District Court Eastern District of Pennsylvania, Civ. No. 22-04555; in which SEPTA police officers assaulted and arrested Plaintiff at the 52nd Street station of the Market-Frankford elevated subway line after accusing him of

---

[1] "It is the policy of the SEPTA Transit Police Department that reasonable force is only that force necessary to effect law enforcement objectives. Officers shall use only reasonable and necessary force to control situations, effect arrests or defend others from bodily harm, and shall comply with all applicable State and Federal laws. *SEPTA Transit Police Department Directive 404* "Response to Resistance", *Section 404.2.1 – Policy at page 1.*

"fare evasion"; this case was settled;

e. *Jordan v. SEPTA, et al.*, United States District Court Eastern District of Pennsylvania, Civ. No. 25-2275; in which SEPTA police officers assaulted and arrested Plaintiff at the Snyder Street station of the Broad Street subway line after accusing her of "fare evasion"; this case is still ongoing; and

f. *Brooks v. SEPTA, et al.,* United States District Court Eastern District of Pennsylvania, Civ. No. 19-3146; in which SEPTA police officers and Temple University Police Officers assaulted and arrested Plaintiff at the intersection of Broad Street and Venango/Westmoreland after accusing he picked up a water bottle belonging to a Temple Police bike officer; this case is still settled.

67. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of Defendant, SEPTA, and as such caused the individual defendants to be unaware of the rules and laws governing the constitutional limits on the proper deployment of tasers.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Kyle McVea demands compensatory damages against Defendant SEPTA to fairly and adequately compensate Plaintiff, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

ABRAMSON & DENENBERG, P.C.

/s/ *Alan Denenberg*
ALAN E. DENENBERG, ESQUIRE
ATTORNEY FOR PLAINTIFF

/s/ *Richard Stutman*
RICHARD L. STUTMAN, ESQUIRE
ATTORNEY FOR PLAINTIFF